AUGUSTUS F. PURDY, Appellant, *v.* HEZEKIAH C. BENNETT, Impleaded with WILLIAM M. SMITH, Petitioner, Respondent.
SAME *v.* SAME.

*Vacating a judgment in ejectment on the application of the "assignee" of the defendant — Code of Civil Procedure, § 1526.*

Smith, the purchaser of land on the foreclosure of a mortgage made by one Paul, brought an action to recover possession of the land from a person named Bennett, whose possession had originated under Paul, and recovered a judgment against Bennett for the possession of the land; thereafter, Smith discovered that, by agreement with Bennett, one Purdy had taken judgment in two actions against Bennett for portions of the land.

*Held,* that Smith was the assignee of Bennett, within the meaning of the provision of section 1526 of the Code of Civil Procedure, which authorizes the opening of a judgment in ejectment, obtained otherwise than on the trial of an issue of fact, "upon the application of the defendant, his heir, devisee or assignee," and that an order, made upon the petition of Smith, opening the judgments obtained by Purdy against Bennett, and letting Smith in to defend the actions, was proper.

APPEAL in each of the above-entitled cases by Augustus F. Purdy, the plaintiff, from an order of the Erie Special Term, made September 19, 1892, opening judgments which had been entered in these actions in Allegany county clerk's office February 25, 1890, and allowing the petitioner, the respondent, William M. Smith, to interpose a defense in each of them, and making him a party defendant therein.

*G. W. Harding,* for the appellant.

*John S. Rockwell,* for the respondent.

MACOMBER, J.:

The respondent, William M. Smith, presented his petition to the court, under section 1526 of the Code of Civil Procedure, asking that he might be made a party defendant. This application was granted, and from the order entered thereon this appeal is taken.

The petition alleges that William M. Smith is the owner of certain premises described in the complaint, known as the north half of the village tract of the Caneadea reservation, in the town of Hume, Allegany county. His title was procured as follows: One Joseph M. Paul, who was then the owner in fee of the premises, executed, with his wife, a mortgage to the petitioner upon those premises, dated the 17th day of April, 1886, to secure the payment to the petitioner of the sum of $2,000; that default was made in the payment of such mortgage, and thereupon the same was foreclosed, which proceeding resulted in the conveyance of the lands by the sheriff of Allegany county to the petitioner. These allegations are not disputed by the appellant.

After obtaining his deed, the petitioner found that Hezekiah C. Bennett, the defendant above mentioned, was in possession of the premises and refused to surrender the same to the petitioner; whereupon an action was brought by the petitioner against him, which resulted in a judgment in favor of Mr. Smith, on the 11th day of March, 1892, for the possession of these lands.

Bennett's possession and right of possession originally existed under Joseph M. Paul, to whose rights the petitioner had succeeded as above mentioned. Not until after the judgment was procured by the petitioner against Bennett was it that the petitioner learned that the plaintiff, Augustus F. Purdy, made claim to the premises. One of the above actions was brought on the 23d day of August, 1880, and the other, March 9, 1886. On the 27th day of September, 1889, an agreement was entered into between Purdy and Bennett, providing that Purdy should take judgment against Bennett for certain portions of this village tract, and that Bennett should have the privilege of leasing the same from Purdy for five years, which agreement resulted in the judgments of February 25, 1890, above mentioned.

The respondent brings himself clearly within the provisions of section 1526 of the Code of Civil Procedure. This section provides

that in an action of ejectment wherein judgment was obtained by the plaintiff, " otherwise than upon the trial of an issue of fact, \* \* \* within five years after the judgment roll is filed, the court, upon the application of the defendant, his heir, devisee or assignee, \* \* \* must make an order vacating the judgment, and granting a new trial, if it is satisfied that justice will be thereby promoted, and the rights of the parties more satisfactorily ascertained and established, but not otherwise." The respondent is certainly the assignee of Hezekiah C. Bennett, within the meaning of this provision of the Code, and within the decision of *Howell* v. *Leavitt* (90 N. Y. 238).

The only question, therefore, which was before the Special Term, was, whether the court should grant the prayer of the petitioner, upon the terms stated in the order, or whether it should drive him to his affirmative action of ejectment against Purdy, and we are satisfied, equally with the Special Term, that justice will be promoted by opening these judgments and letting the petitioner defend the actions.

The orders appealed from should be affirmed.

DWIGHT, P. J., and HAIGHT, J., concurred, LEWIS, J., not sitting.

Order in each case appealed from affirmed, with one bill of ten dollars costs and disbursements of appeal.